**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3377
_____

MARC GROVER,
                                         Appellant

v.

VA GENERAL COUNSEL, U.S. Government
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-00173)
District Judge:  Honorable William S. Stickman IV
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2021
Before:  CHAGARES, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 23, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Marc Grover appeals from the District Court's order granting the Government's motion for summary judgment. For the following reasons, we will affirm the District Court's judgment.

## I.

Grover alleges that he contracted Hepatitis C via a blood transfusion administered at the Veterans Administration Medical Center in Pittsburgh in 2001.[1] Grover filed an administrative disability claim based on his Hepatitis C diagnosis and hypertension in 2002. In 2019, he filed an administrative tort claim alleging that he received "tainted blood" from the transfusion resulting in Hepatitis C and kidney disease, which the Department of Veterans Affairs denied as untimely. In February 2020, Grover filed this suit pursuant to the Federal Tort Claims Act, 18 U.S.C. § 2671. The United States moved to dismiss or, in the alternative, for summary judgment, and the District Court notified Grover that it might treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56.[2] After Grover submitted evidence, the District Court granted the

---

[1] Grover received two transfusions within several hours on the same day. See Medical Rs., ECF No. 11 at 16; ECF No. 14-2 at 7. He appears to allege that the second transfusion infected him. ECF No. 11 at 20; ECF No. 14 at 1.

[2] In his complaint, Grover listed one defendant (giving the name of the defendant as U.S. Government but describing the defendant's job or title as VA General Counsel). Compl. at 2, ECF No. 3. Defense counsel entered an appearance for what he initially described as two defendants (VA General Counsel and U.S. Government), Notice of Entry of Appearance at 1, ECF No.5, but he filed the motion, and otherwise defended, on behalf of the "United States." Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. at 1, ECF No. 8. We interpret the complaint to have been filed against the United States, as the "Government is the only proper defendant in a case brought under the FTCA." CNA v.

Government's motion for summary judgment because the record showed that Grover failed to timely exhaust his administrative remedies prior to filing suit. Grover appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "must view the facts and evidence presented in the light most favorable to the nonmoving party." Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020). But that party may not rely on speculation and conclusory allegations. Id.

## III.

An FTCA claim against the Government must be presented to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). In the medical malpractice context, the claim generally accrues when a plaintiff knew or reasonably should have known of "both the existence and the cause of his injury." Miller v. Phila. Geriatric Ctr., 463 F.3d 266, 271, 273 (3d Cir. 2006). "[A]ccrual does not await

---

United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008); see also Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States.").

the point at which a plaintiff also knows that the acts inflicting the injury may constitute medical malpractice." Id. at 271. The claim is "presented" (thus tolling the running of the limitations period) when an executed SF–95 and a claim for money damages in a sum certain are received by the government agency. 28 C.F.R. § 14.2. An otherwise untimely claim may nevertheless be permitted via equitable tolling in situations "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting [his or] her rights; or (3) where the plaintiff has timely asserted [his or] her rights mistakenly in the wrong forum." D.J.S.-W. ex rel. Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), abrogated on other grounds by Rotkiske v. Klemm, 890 F.3d 422, 428 (3d Cir. 2018) (en banc)). To benefit from equitable tolling, a plaintiff must have exercised due diligence in pursuing and preserving the claim and present something more than a garden variety case of excusable neglect. Id.

The Government argues that Grover did not file an administrative tort claim with the Department of Veterans Affairs until 2019, even though he was aware of his diagnosis and attributed it to the blood transfusion as early as 2002 and certainly by 2012. While Grover's arguments are not fully clear, he apparently contends that he filed a tort claim in 2002, or was led to believe that he had, and that the Government concealed information about his testing and treatment.

4

There is no genuine dispute that Grover was aware of his Hepatitis C diagnosis and suspected that the blood transfusion was to blame by at least 2012, when he testified to that effect in a video hearing before the Board of Veterans' Appeals.[3] Before the District Court, Grover implied that his claim was nevertheless timely because he in fact filed an administrative tort claim simultaneous with or prior to his disability claim in 2002. Grover relied on his own assertions and excerpts from correspondence concerning a FOIA request he submitted to the Department of Veterans Affairs in 2020. Grover characterizes these excerpts as showing that VA officials acknowledged the existence of a 2002 tort claim, but they show no more than that the VA interpreted his request as seeking information about such a claim and provided some documents deemed responsive.[4] On appeal, Grover alleges that he was told by someone in 2003 that his disability claim was a tort claim and that he was not disabused of this belief until recently. He also alleges new details regarding his conversation with the officials processing his FOIA request. These unsworn and uncorroborated allegations in Grover's appellate brief were not part of the record before the District Court and we cannot consider them. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed

---

[3] The record contains substantial evidence that Grover blamed the blood transfusion for his diagnosis as early as 2002. Grover alleges, in a conclusory manner, that much of this evidence is forged or fraudulent. As Grover's claim accrued by at least 2012, we need not rely on that evidence to resolve this case.

[4] Grover did not submit the VA's full response, but he complained to a VA official that the responsive documents concerned his 2019 tort claim.

Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record.").

Grover also argues that the Government withheld records crucial to his claim. He asserts that he "did not know the exact date of antibody to virus until it was revealed" by a document from the Allegheny Department of Health he obtained in 2018. Pl.'s Am. Br. 3, 3d Cir. ECF No. 7.[5] But Grover does not explain how any lack of knowledge concerning the precise timeline of his infection prevented him from pursuing an administrative tort claim at an earlier juncture. While such information may have affected the strength of Grover's claim, it does not affect the previously cited evidence concerning when his claim accrued.[6] There is no evidence in the record that the Government prevented Grover from bringing an administrative tort claim.

On the summary judgment record before the District Court, there was no genuine dispute that Grover did not file an administrative tort claim with the Department of Veterans Affairs within two years of the accrual of his claim. And we agree with the District Court that the record does not support the application of equitable tolling here.

---

[5] The only document from the Allegheny Health Department in the record is a single-page investigation summary indicating that a laboratory reported Grover's hepatitis C infection to public health authorities in early 2003. Suppl. App'x. 76, 3d Cir. ECF No. 14.

[6] Grover raises several arguments concerning the proceedings on his disability claim. There is no evidence that these issues affected Grover's ability to pursue an administrative tort claim, and his disability claim is not at issue in this appeal.

IV.

Accordingly, we will affirm the judgment of the District Court.[7]

---

[7] We deny the request for subpoenas that Grover appended to his amended opening brief. 3d Cir. ECF No. 7 at 6.